IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SARAH CARMODY )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE TRAVELERS INDEMNITY )<br>COMPANY )<br>)<br>)<br>Defendant. )<br>_____) | Case No.: 2:22-cv-2185-JWB-KGG |

## ORDER TO SHOW CAUSE

Defendant The Travelers Indemnity Company ("Travelers") filed its Notice of Removal and its accompanying exhibits on May 19, 2022. (*See* ECF No. 1–2). The Notice of Removal alleges this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity). To establish diversity jurisdiction, the organizational structure determines the citizenship of a business entity. The citizenship of a corporation is both the state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).

Pursuant to 28 U.S.C. § 1332(a), federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and is between:

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

1

> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

Simply stated, diversity is absent when citizens of the same state are on both sides of the case. *See id.* Here, the Notice of Removal alleges that Plaintiff Sarah Carmody "is a citizen and resident of Kansas." (ECF No. 2, at 2). It also states that Defendant "is a Connecticut corporation authorized to do business in Kansas." (*Id.*). Travelers has not, however, alleged its principal place of business. As such, the Court cannot determine the validity of the claimed diversity. *See Newsome*, 722 F.3d at 1267.

It is the independent obligation of the court to determine that subject matter jurisdiction is proper and that the court "do[es] not exceed the scope of [its] jurisdiction . . . ." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). Accordingly, this Court "must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Id.* (citation omitted). If it becomes apparent that jurisdiction does not exist, the Court, on its own, "must dismiss the cause at any stage of the proceedings . . . ." *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); Fed. R. Civ. P. 12(h)(3).

**IT IS THEREFORE ORDERED** that Defendant must show good cause on or before June 6, 2022, as to why the undersigned Magistrate Judge should not recommend the action be remanded for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated this 23rd day of May 2022, at Wichita, Kansas.

/S Kenneth G. Gale
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE